UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KWAUYSHAUN WILLIAMS,

Petitioner,

v.

TIMOTHY FILSON, *et al.*,

Respondents.

Case No. 3:18-cv-00189-MMD-CBC

ORDER

**I. SUMMARY**

Petitioner has filed an application to proceed *in forma pauperis* (ECF No. 5). The Court finds that Petitioner is unable to pay the filing fee.

The Court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court denies the petition because it lacks merit on its face.

**II. BACKGROUND**

Petitioner is in Ely State Prison, which is Nevada's maximum-security prison. He is challenging the consequences of a prison disciplinary proceeding. He was found guilty of major violation MJ40—Propelling any substance toward any person that strikes them or has the potential to strike them. Petitioner alleges either that prison officials placed on him a non-existent five-year hold or gave him an unjustified amount of classification points. This, Petitioner alleges, means that he cannot be transferred out of Ely State Prison for some time. Petitioner asks the Court to order the Nevada Department of Corrections to transfer him to another prison as soon as possible.

### III. DISCUSSION

Petitioner used the form for a petition pursuant to 28 U.S.C. § 2241. However, even though he is not challenging the validity of his judgment of conviction, he still is in custody pursuant to a judgment of conviction of a state court, and 28 U.S.C. § 2254(a) governs his case. The Court will construe the petition to be under § 2254. However, for the reasons explained below, the distinction does not matter.

The Court cannot grant Petitioner the relief that he requests, transfer from Ely State Prison to a prison with a lower security classification. That relief would affect only the conditions of his confinement, but not the legality or duration of his confinement, and it is outside the "core of habeas corpus." The "core of habeas corpus" is relief that terminates custody, accelerates the future date of release from custody, or reduces the level of custody, such as from incarceration to parole. *Nettles v. Grounds*, 830 F.3d 922, 930 (9th Cir. 2016) (en banc), *cert. denied* 137 S. Ct. 645 (2017). "[I]f a state prisoner's claim does not lie at 'the core of habeas corpus,' . . . it may not be brought in habeas corpus but must be brought, 'if at all,' under [42 U.S.C.] § 1983." *Id.* at 931 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973), and *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011)). Just as in *Nettles*, if any federal court relief is available to Petitioner, it is through a civil rights action pursuant to 42 U.S.C. § 1983.

Reasonable jurists would not find the court's conclusion to be debatable or wrong, and the court will not issue a certificate of appealability.

### IV. CONCLUSION

It is therefore ordered that the application to proceed *in forma pauperis* (ECF No. 5) is granted. Petitioner need not pay the filing fee of five dollars ($5.00).

It is further ordered that the Clerk file the petition for a writ of habeas corpus.

It is further ordered that the petition for a writ of habeas corpus is denied. The Clerk will enter judgment accordingly and close this action.

///

///

It is further ordered that a certificate of appealability will not issue.

It is further ordered that the Clerk send Petitioner a copy of the form and instructions for filing a section 1983 complaint.

DATED THIS 1st day of October 2018,

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE